UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHRISTINA SHULTS and
CANDICE CATE,

    Plaintiffs,

v.                                                       CASE NO.:

EXAM VIP, INC., a Foreign Profit
Corporation and AMANDA HARRISON,

    Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiffs, CHRISTINA SHULTS and CANDICE CATE (collectively "Plaintiffs"), by and through undersigned counsel, hereby files this Complaint against Defendant, EXAM VIP, INC. ("Exam") and AMANDA HARRISON ("Harrison") (collectively "Defendants"), and states as follows:

**INTRODUCTION**

1. This is an action for failure to pay overtime wages pursuant to 29 U.S.C. § 216(b) and 29 U.S.C. 207(a).

2. Section 7(a) of the FLSA requires payment of time-and-one-half an employee's regular hourly rate whenever a covered employee works in excess of forty (40) hours per work week. 29 U.S.C. § 207(a).

3. Defendants have violated the FLSA by misclassifying Plaintiffs as "independent contractors" and refusing to pay them at a rate of one and one-half times Plaintiffs' regular rate of pay for all hours worked in excess of forty (40) hours in a single workweek.

## JURISDICTION

4. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. § 201, et seq., hereinafter called the "FLSA") to recover: (i) unpaid overtime wages; (ii) recover an additional equal amount as liquidated damages; and (iii) recover reasonable attorney's fees and costs.

5. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

6. Venue is proper as the acts and omissions giving rise to Plaintiffs' claims occurred in Volusia County, Florida.

## PARTIES

7. At all times material hereto, Christina Shults, was a resident of Volusia County, Florida.

8. At all times material hereto, Candice Cate, was a resident of Volusia County, Florida.

9. At all times material hereto, Exam VIP, Inc., was and is a Florida Corporation that maintains a place of business and conducts business in Volusia County, Florida. Exam VIP, Inc. can be served with process upon its registered agent, Amanda Harrison, at 4640 South Atlantic Avenue, New Smyrna Beach, FL 32169.

10. Amanda Harrison is the owner of Exam VIP, Inc. and at all times was Plaintiff's manager who regularly exercised the authority to (a) hire and fire employees; (b) determine the work schedules for the employees; and, (c) control the finances and operations of Exam, VIP, Inc. By virtue of having regularly exercised that authority on behalf of Exam, Harrison is/was an employer as defined by 29 U.S.C. § 201, et seq.

11. At all times material hereto, Plaintiff, Christina Shults was an "employee" of Defendants within the meaning of FLSA.

12. At all times material hereto, Plaintiff, Candice Cate was an "employee" of Defendants within the meaning of FLSA.

13. At all times material hereto, Plaintiffs were classified as an "independent contractor" by Defendants.

14. At all times material hereto, Plaintiffs were "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

15. At all times material hereto, Plaintiffs were engaged in the "production of goods or service for commerce" and subject to the individual coverage of the FLSA.

16. At all times material hereto, the work performed by the Plaintiffs were directly essential to the business performed by Defendants.

17. At all times material hereto, Defendants were an employer within the meaning of the FLSA and Defendants continue to be an "employer" within the meaning of the FLSA.

18. At all times material hereto Defendants were and continues to be "engaged in commerce" within the meaning of the FLSA.

19. At all times material hereto, Defendants were, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

20. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

21. At all times material to this action, Defendants advertised on the internet, processed credit cards and other payments, communicated via mail, email, and telephone with the clients inside and outside of Florida, and purchased goods produced out of state for use in its

business here in Volusia County.

22. Further, Defendants had two or more employees who regularly handle Defendants' products and equipment, including tools, supplies, materials, and other equipment, which had previously moved through interstate commerce, during performance of their duties.

**STATEMENT OF FACTS**

23. Per their website[1], Exam provides on-side medical and drug screen regulated services to companies and schools and holds contracts in locations throughout North America.

24. Defendants misclassified Plaintiffs as independent contractors from the inception of their employment.

25. Despite being classified as independent contractors Plaintiffs had a set schedule which was established by Defendants.

26. Plaintiffs were paid a set weekly salary for forty (40) hours of work, which was paid bi-monthly.

27. Plaintiffs did not have the ability to negotiate their rate of pay.

28. Plaintiffs did not negotiate their rate of pay; rather Plaintiffs' rate of pay was pre-set by Defendants.

29. Plaintiffs were required to follow all of Defendants' company policies and procedures.

30. Plaintiffs' job title was medical review officer assistant.

31. As a medical review officer assistant, Plaintiffs would show up to work for Defendants at their scheduled times, check and respond to client emails, and process medical screenings.

---

[1] https://www.x-amvip.com/

32. Plaintiffs did not supervise two or more full time employees of Defendant.

33. Defendants provided all of the supplies necessary for Plaintiffs to perform their work.

34. Plaintiffs were not incorporated or otherwise in business for themselves during the time that they performed work for Defendants.

35. If Plaintiff wished to take a day off, they were required to request permission from Defendants.

36. Until their termination, Plaintiffs did not generate any of their own work; rather, they received all of their work assignments from Defendants.

37. Plaintiffs' opportunity for profit or loss did not depend on their individual entrepreneurial skills.

38. The work performed by Plaintiffs was essential and integral to Defendants' management/ownership of the company.

39. Plaintiffs worked for Defendants for greater than three (3) years.

40. During Plaintiffs' employment, Plaintiffs' direct supervisor was Harrison.

41. Harrison controlled the way in which Plaintiffs performed their work, by instructing Plaintiffs in the way Defendants wanted the work performed.

42. Defendants set rules and guidelines governing Plaintiffs' employment, including but not limited to, hours of work, Plaintiff's rate of pay, and paid time off.

43. Plaintiffs did not have the ability to alter or change their terms of employment.

44. Plaintiffs were economically dependent upon Defendants for their livelihood throughout their employment with Defendants

45. Defendants knew or should have known that Plaintiffs were economically

dependent on Defendants and not in business for themselves, as they routinely worked over 40 hours per week for Defendants.

46. During the time they worked for Defendants, Plaintiffs regularly worked more than forty (40) hours in a workweek. Plaintiffs were also required to work nights and weekends.

47. Defendants failed to compensate Plaintiffs at a rate of one and one-half times Plaintiffs' regular rate of pay for all hours worked in excess of forty (40) hours in a single workweek.

48. Plaintiffs should be compensated at the rate of one and one-half times Plaintiffs' regular rate for those hours that Plaintiffs worked in excess of forty (40) hours per workweek, as required by the FLSA, in weeks in which they performed work for Defendants.

49. Defendants failed to compensate Plaintiffs for any hours worked over forty hours (40) hours per week. As such Plaintiffs were only paid an hourly rate of pay for forty (40) hours per week regardless of how many hours they actually worked.

50. Defendants are in possession of the majority of the records reflecting the amounts paid and the actual hours worked by Plaintiff.

51. Defendant has failed to maintain proper time records as mandated by the FLSA.

52. Defendants did not post notice of employees' rights under the FLSA as required by the Department of Labor Wage and Hour Division.

53. Upon information and belief, Defendants did not rely upon any written administrative regulation, order, ruling, approval or interpretation of the Department of Labor Wage and Hour Division in creating Plaintiff's pay structure.

54. Defendants knew or should have known with reasonable diligence that its conduct violated the FLSA or was in reckless disregard for its provisions. As such, Defendants' violation

of the law was willful.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION AGAINST EXAM

55. Plaintiffs' re-allege and incorporate herein paragraphs 1 through 54 of the Complaint.

56. Plaintiffs regularly worked in excess of forty (40) hours per week for Defendants.

57. Plaintiffs are entitled to one and one half times their regular hourly rate for all hours worked over forty (40) in each week during which they worked for Defendants.

58. Defendants failed to pay Plaintiffs time and one half their regular hourly rate for all hours worked in excess of forty (40) in each week in which they worked for Defendants.

59. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiffs, at the statutory rate of one and one-half times their regular rate of pay for the hours worked in excess of forty (40) hours per workweek when it knew, or should have known, such was, and is, due.

60. Defendants actions of willfulness and/or reckless disregard for the provisions of the FLSA are shown by:

    a. Defendants' failure to post notice and properly disclose or apprise Plaintiffs of their rights under the FLSA; and,

    b. Defendants' failure to maintain proper time records as mandated by the FLSA.

61. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiffs' suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

62. Plaintiffs are entitled to an award of reasonable attorney's fees and costs pursuant

to 29 U.S.C. §216(b).

63. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4.

WHEREFORE, Plaintiffs demand:

    a. A declaration be entered that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    b. A declaration be entered that the acts and practices complained of herein were committed by Defendants willfully;

    c. Entry of a judgment awarding:

        i. Plaintiffs overtime compensation in the amount due to them for Plaintiffs' time worked in excess of forty (40) hours per work week,

        ii. Plaintiffs' liquidated damages in an amount equal to the overtime award,

        iii. Plaintiffs' reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

        iv. Awarding Plaintiffs' pre-judgment interest; and

    d. Any such other and further the Court deems just and proper.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION AGAINST HARRISON

64. Plaintiffs' re-allege and incorporate herein paragraphs 1 through 54 of the Complaint.

65. Plaintiffs regularly worked in excess of forty (40) hours per week for Defendants.

66. Plaintiffs are entitled to one and one half times their regular hourly rate for all hours worked over forty (40) in each week during which they worked for Defendants.

67. Defendants failed to pay Plaintiffs time and one half their regular hourly rate for

all hours worked in excess of forty (40) in each week in which they worked for Defendants.

68. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiffs, at the statutory rate of one and one-half times their regular rate of pay for the hours worked in excess of forty (40) hours per workweek when it knew, or should have known, such was, and is, due.

69. Defendants actions of willfulness and/or reckless disregard for the provisions of the FLSA are shown by:

    a. Defendants' failure to post notice and properly disclose or apprise Plaintiffs of their rights under the FLSA; and,

    b. Defendants' failure to maintain proper time records as mandated by the FLSA.

70. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiffs' suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

71. Plaintiffs are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

72. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4.

WHEREFORE, Plaintiffs demand:

    e. A declaration be entered that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    f. A declaration be entered that the acts and practices complained of herein were committed by Defendants willfully;

g. Entry of a judgment awarding:

   i. Plaintiffs overtime compensation in the amount due to them for Plaintiffs' time worked in excess of forty (40) hours per work week,

   ii. Plaintiffs' liquidated damages in an amount equal to the overtime award,

   iii. Plaintiffs' reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

   iv. Awarding Plaintiffs' pre-judgment interest; and

   v. Any such other and further the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues triable as a matter of right by jury.

DATED this 3rd day of March, 2020.

Respectfully submitted,

**MORGAN & MORGAN, P.A.**

**/s/ James J. Henson**
JAMES J. HENSON, ESQ.
Fla. Bar No. 0077476
Morgan & Morgan, P.A.
20 North Orange Avenue, Suite 1600
P.O. Box 4979
Orlando, FL 32801-4979
Tel.: (407) 428-6241
Fax: (407) 245-3342
Email: jjhenson@forthepeople.com
ssiagel@forthepeople.com
*Trial Counsel for Plaintiff*